IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY W. BAKER,

Plaintiff, No. 2:10-cv-1208 FCD KJN P

vs.

C/O J. SMITH, et al.,

Defendants. ORDER

______________________________/

Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Various motions are pending, which the court addresses seriatim.

On March 3, 2011, defendants filed a motion to compel plaintiff to respond to discovery requests served on December 8, 2010. Defendants aver that plaintiff completely failed to respond to the discovery requests, and thus seek attorneys fees in the amount of $532.00 for the cost of bringing this motion. On March 9, 2011, plaintiff filed an opposition to the motion to compel. Plaintiff claims he did not sign for or receive any discovery requests from defendants. Plaintiff states that now that he has received the requests, he will answer them and "send them in the mail ASAP." (Dkt. No. 38.)

On March 9, 3011, defendants filed a reply to plaintiff's opposition. Defendants argue that the discovery was mailed to plaintiff at his address of record, which is the same

address plaintiff is presently using. Defendants contend that plaintiff has failed to provide any justification for his failure to cooperate with discovery and ask the court to grant the motion to compel.

On March 9, 2011, plaintiff appended a copy of a letter he wrote to counsel for defendants. (Dkt. No. 39 at 3.) In this letter, plaintiff states:

> I need you to more thoroughly break down your request due to I am having difficulty understanding your questions/requests and statements. I'm not a lawyer you must be more clear if you want me to cooperate.

(Id.)

While not entirely clear, it appears plaintiff is in the process of responding to the discovery requests that were appended to defendants' motion to compel discovery. Although defendants mailed the discovery requests to plaintiff at his address of record, plaintiff states he did not receive the discovery requests. Defendants have not provided evidence demonstrating plaintiff received the requests, i.e. a copy of the prison mail log demonstrating the requests were received. Plaintiff has similarly failed to provide a copy of the mail log demonstrating the requests were not received, although he claims he is "in the process of obtaining a copy of [his] incoming legal mail log here in D.V.I." (Dkt. No. 38.) Accordingly, this court is unable to find plaintiff intentionally refused to respond to the discovery requests.

However, plaintiff is advised that counsel for defendants is not required to "break down" the discovery requests. Plaintiff must answer and respond to the discovery requests to the best of his ability. Moreover, plaintiff is cautioned that failure to cooperate in discovery can result in the imposition of sanctions under Rule 11 of the Federal Rules of Civil Procedure. Such sanctions may include a recommendation that this action be dismissed based on plaintiff's failure to cooperate in the discovery process.

In light of the above, the court will partially grant defendants' motion to compel. Plaintiff is directed to respond to defendants' discovery requests on or before April 4, 2011.

Defendants' motion for attorneys' fees is denied.

On March 4, 2011, plaintiff filed a document styled, "Request [for] Court to Order the Defendants to Produce Documents." (Dkt. No. 34.) On March 9, 2011, defendants filed an opposition, stating plaintiff has not propounded a request for production of documents. In this court's December 2, 2010 discovery order, plaintiff was advised that discovery requests should not be filed with the court unless required by Local Rules 250.1, 250.2, 250.3 and 250.4. (Dkt. No. 27 at 5.) Plaintiff's request is premature and is denied.

On March 9, 2011, plaintiff filed a motion for extension of time to prepare for his March 17, 2011 deposition. (Dkt. No. 37.) Plaintiff asks for an additional thirty days because he is "in prison and everything moves slowly here and [he] need[s] time to research a few things and properly prepare." (Id.) On March 11, 2011, defendants filed an opposition. Defendants argue that plaintiff was provided fourteen days' notice as required by the court's scheduling order, and that granting plaintiff's request for extension of time would violate the March 18, 2011 discovery deadline. Defendants contend that plaintiff is not required to produce any documents at the deposition, but simply "show up and answer questions pertaining to his allegations against the defendants." (Dkt. No. 40 at 2.)

Plaintiff has failed to demonstrate good cause for continuing the deposition or modifying the scheduling order as required by Rule 16(b)(4) of the Federal Rules of Civil Procedure. Accordingly, plaintiff's motion for extension of time is denied. The March 17, 2011 deposition shall proceed as noticed. Plaintiff is cautioned that failure to appear for or cooperate in the March 17, 2011 deposition may result in a recommendation that this action be dismissed as a sanction for failing to cooperate in the discovery process. Fed. R. Civ. P. 11.

Finally, plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of

counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' March 3, 2011 motion to compel (dkt. no. 33) is partially granted. On or before April 4, 2011, plaintiff shall respond to the discovery requests propounded by defendants on December 8, 2010. Defendants' motion for attorneys' fees is denied.

2. Plaintiff's March 4, 2011 request (dkt. no. 34) is denied without prejudice. The March 17, 2011 deposition of plaintiff shall proceed as noticed.

3. Plaintiff's March 9, 2011 motion for extension of time (dkt. no. 37) is denied.

4. Plaintiff's March 9, 2011 motion to appoint counsel (dkt. no. 39) is denied.

5. The Clerk of the Court is directed to serve this Order on plaintiff by overnight mail.

DATED: March 14, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bake1208.mtc