IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY W. BAKER,

       Plaintiff,                    No. 2:10-cv-1208 FCD KJN P

    vs.

C/O J. SMITH, et al.,

       Defendants.               ORDER TO SHOW CAUSE

_____/

        Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983.  On April 13, 2011, defendants filed a motion to dismiss this action as a sanction for plaintiff's failure to participate in discovery and failure to comply with a court order pursuant to Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure.  Defendants state they have not yet received plaintiff's discovery responses, despite plaintiff's claim that the discovery responses were mailed on April 7, 2011.  Indeed, plaintiff recently wrote a letter to counsel for defendants, dated April 28, 2011, stating:

> if you want another copy [of the discovery responses] you will send me $40.00 to do so.  Or you can be smart & I will agree to settle this case out of court for $35,000.00.  Also, your request for a copy is unreasonable, due to my confinement, I will not be able to do so by 5-5-11.  I can't just walk to the copy machine.
>
>                       /s/ Jerry W. Baker

1  (Case No. 2:10-cv-1811 KJN P, Dkt. No. 29-4 at 2.)[1]

2        As plaintiff was informed on March 14, 2011, plaintiff risks dismissal of this action if he fails to cooperate in discovery.  Although pro se pleadings are construed liberally, pro se litigants are bound by the rules of procedure.  See Ghazali v, Moran, 46 F.3d 52, 54 (9th Cir. 1995) (dismissing pro se prisoner's case for failure to comply with local rule by filing opposition brief), cert. denied, 516 U.S. 838 (1995); Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990) (entry of default was justified sanction based on repeated and inexcusable obstructions of discovery).

        In an abundance of caution, plaintiff will be provided one final opportunity to produce the discovery responses allegedly mailed on April 7, 2011.  Therefore, plaintiff shall file his discovery responses with the court within fourteen days from the date of this order.  Failure to timely file the discovery responses will result in a recommendation that the district court grant defendants' motion to dismiss this action as a sanction based on plaintiff's failure to cooperate in the discovery process.

        Accordingly, IT IS HEREBY ORDERED that within fourteen days from the date of this order, plaintiff shall file his discovery responses with the court or show cause why defendants' motion to dismiss this action should not be granted.

DATED:  May 16, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bake1208.osc

---

[1] In the May 9, 2011 motion to compel filed in Case No. 2:10-cv-1811 KJN P, defendants' counsel provided a copy of plaintiff's April 28, 2011 letter, which referenced two case numbers:  2:10-cv-1208 FCD KJN P and 2:10-cv-1811 KJN P.  (Dkt. No. 29-4.)