IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY W. BAKER,

      Plaintiff,                    No. 2:10-cv-1208 GEB KJN P

   vs.

C/O SMITH, et al.,

      Defendants.            ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On June 7, 2012, the undersigned filed findings and recommendations that were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. On July 6, 2012, plaintiff filed an unverified document entitled "Response to Summary Judgment," raising specific factual allegations as to defendant Smith only. (Dkt. No. 89.) On July 9, 2012, defendants filed a reply. (Dkt. No. 90.) Defendants contend that plaintiff's "opposition" is untimely, and if construed as objections, is "legally defective and completely inadequate." (Id. at 2.)

////

1

1   However, recently the Ninth Circuit issued an order requiring that all prisoners
2 proceeding pro se must be provided contemporaneous notice of certain requirements for
3 opposing a motion for summary judgment. Woods v. Carey, __F.3d __, 2012 WL 2626912,*1,
4 *5, (9th Cir. July 6, 2012 ), citing Rand v. Rowland, 154 F.3d 952, (9th Cir. 1998) (en banc); see
5 also Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).  The district court may
6 provide such notice if defendants fail to do so.  Woods, 2012 WL 2626912 at *5.  When
7 provided by defendant, the notification must be set forth in "a separate document, served with the
8 moving papers, and state[] that the court has required that it be given." Rand, 154 F.3d at 960;
9 Woods, 2012 WL 2626912 at *4.  These requirements apply to both "pending and future cases."
10 Woods at *6.

11   The instant motion for summary judgment was filed on October 12, 2011, and
12 apparently contained no notice under Rand or Klingele. (Dkt. No. 71.)  Although the court
13 earlier provided notice concerning the requirements of Rand and Klingele, it was issued on
14 September 20, 2010, over a year before the motion was filed. (Dkt. No. 22.)  Such is not fair
15 notice under Woods. Id. at *1.  In addition, as noted by defendants, plaintiff has been in and out
16 of jail since the filing of this action.  This raises concerns that plaintiff may not have retained, or
17 have current access to, defendants' motion. Woods at *5.  Therefore, the court finds that the
18 June 7, 2012 findings and recommendations must be vacated, and defendants' motion for
19 summary judgment is denied without prejudice to its re-filing, so long as the renewed motion is
20 accompanied by the notice required by Woods, as set forth below.

21   Once the motion is re-filed, the parties are cautioned that this court is not inclined
22 to entertain requests for extensions of time.

23   Accordingly, IT IS HEREBY ORDERED that:
24   1. The June 7, 2012 findings and recommendations (dkt. no. 86) are vacated;
25   2. Defendants' October 12, 2011 motion for summary judgment (dkt. no. 71) is
26 denied without prejudice;

3. Within thirty days from the date of this order, defendants shall file and re-serve the motion for summary judgment, accompanied by the attached notice to plaintiff under <u>Rand</u>. Pursuant to Local Rule 230(l), plaintiff shall file his opposition within twenty-one days from the date defendants re-file their motion. Any reply shall be filed fourteen days thereafter.

DATED: July 17, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bake1208.vac

<u>Rand</u> Notice to Prisoners Proceeding Pro Se

The court directed defendants to provide this notice as required by <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988). <u>Woods v. Carey</u>, 2012 WL 2626912 (9th Cir. July 6, 2012).

Plaintiff is advised that the following requirements apply for opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Such a motion is a request for an order for judgment in favor of the defendant without trial. A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies. Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are. Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.

If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion. <u>See</u> Fed. R. Civ. P. 56(d).

If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion. <u>See</u> L.R. 230(l).

If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant. In the present case, summary judgment for defendant would end the entire case.